UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABC,

Plaintiff,

-against-

DEF,

Defendant.

26-CV-7791 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff, proceeding *pro se,* has filed a motion for leave to proceed under a pseudonym and to file a redacted complaint. (ECF 3-5.) For the reasons set forth below, the Court denies the motion. If Plaintiff wishes to proceed with this action without being anonymous, within 30 days, he must prepay the filing fees or submit an application to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

**DISCUSSION**

**A. Motion to Proceed Anonymously**

Rule 10 of the Federal Rules of Civil Procedure requires a pleading to include the names of all parties. *See* Fed. R. Civ. P. 10(a) ("The title of [a] complaint must name all the parties[.]"). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule," and the party seeking anonymity "must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).

The Second Circuit's balancing test for determining whether a plaintiff should be permitted to proceed under a fictitious name weighs "the plaintiff's interest in anonymity"

against both "the public interest in disclosure" and "any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 188. The test requires courts to consider the following non-exhaustive list of factors:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties," (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations omitted).

Here, Plaintiff brings claims, under Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act, against a private, post-secondary school where he is pursuing a graduate degree. Plaintiff contends that he does not wish to link "his legal name to sensitive disability, medical, educational, and nonpublic University-process information." (ECF 3, at 1.) Moreover, as an additional argument for redacting his name, Plaintiff notes that his

complaint refers generally "to separate nonpublic University proceedings that remain subject to internal review." (ECF 4, at 1, ¶ 3.)

Applying the *Sealed Plaintiff* factors, the Court first notes that Plaintiff does not show that his disability and medical information should be deemed a highly sensitive and personal matter. Because concealing a party's name "violates the public's right to access judicial proceedings," leave to proceed anonymously "is typically reserved for particularly sensitive cases." *S.D. v. Decker*, No. 22-CV-3063 (VSB) (BCM), 2022 WL 1239589, at *1 (S.D.N.Y. Apr. 27, 2022). Disabilities generally are not considered highly sensitive, absent a showing of heightened stigma. *See*, *e.g.*, *Doe v. Icahn Sch. of Med. at Mount Sinai*, No. 26-CV-01734 (JAV), 2026 WL 1949471, at *2 (S.D.N.Y. July 6, 2026) (denying medical student's request to proceed anonymously and holding that, although her "diagnoses of ADHD and temporal lobe epilepsy," were "undoubtedly serious and personal, they do not meet the 'highly sensitive' bar"). Medical "conditions that carry significant social stigma," such as sexually-transmitted diseases and severe psychiatric illnesses, have been deemed highly sensitive. *Doe v. Hirect One, Inc.*, No. 22-CV-6417 (RA), 2022 WL 3903597, at *2 (S.D.N.Y. Aug. 30, 2022); *see, e.g.*, *Doe v. 2001 Arthur LLC*, No. 24-CV-9542 (RA), 2026 WL 237513 at *3 (S.D.N.Y. Jan. 29, 2026) (noting that HIV-positive status is highly sensitive).

Plaintiff's complaint identifies only the functional limitations resulting from his disability; he alleges, for example, that he has "impairments that substantially limit the major life activity of concentrating." (ECF 1, at 3 ¶ 14.) Moreover, Plaintiff specifies that he has been careful in the complaint not to identify "provider names, medication names or dosages, or detailed medical history." (ECF 4, at ¶ 10.) Based on the allegations in the complaint, the Court

cannot conclude that the complaint involves matters that are highly sensitive, and this first factor thus does not weigh in Plaintiff's favor.

Turning to the second and third *Sealed Plaintiff* factors, Plaintiff argues that identification of his name in this action "creates a direct name-to-disability-litigation association" (ECF 5 at 2), linking this suit to his pending state-court litigation. Plaintiff notes that his state court proceeding "was indexed by a commercial aggregator," making it publicly viewable online when searching his name. In other words, he contends that making this action public poses a risk of harm to him because this action will link to his state-court action, leading the public to view that matter. The harm that Plaintiff identifies arises primarily from the public nature of his state-court action, which can be remedied, if at all, only in that action. Any additional harm from association of this federal action to the state court action is speculative, and these factors thus do not weigh in Plaintiff's favor.

Next, Plaintiff does not make any showing that he is particularly vulnerable to the possible harms of disclosure, such as because of his youth or incapacity. Fifth, this suit challenges the conduct of a private party rather than the actions of the government. Relatedly, Plaintiff argues that Defendant will suffer little prejudice because Defendant is aware of his identity, can use his name in nonpublic filings, and has identified him by name in the state court proceedings. Defendant has not yet been served with process and thus has not opposed the motion. The Court assumes for purposes of his order that redaction of Plaintiff's name would not prejudice Defendant.

Turning to the seventh *Sealed Plaintiff* factor, Plaintiff's identity in this matter has been kept confidential but, as he points out, a state court action arising from related or overlapping issues already identifies Plaintiff publicly. Although Plaintiff argues that he has a "distinct

privacy interest" in avoiding linking this federal disability discrimination action with his state court action (ECF 5 at 2), the Court is unpersuaded. Here, the usual public interest is furthered by requiring the plaintiff to disclose his identity, and the seventh and eighth factors thus do not weigh in favor of redaction.

As to the ninth *Sealed Plaintiff* factor, this disability discrimination action does not present purely legal issues where the public's interest in knowing the litigants' identities is weak. Finally, alternative mechanisms are available for protecting Plaintiff's confidentiality. Plaintiff notes that he has been careful not to include detailed medical information, and continued exclusion of such material may be appropriate if the matter proceeds.

On balance, Plaintiff has not shown any sufficient basis to rebut the presumption in favor of public disclosure for this disability discrimination action. Plaintiff has not identified a strong interest in anonymity for this disability discrimination action or any sufficient reason why that interest outweighs the public interest in disclosure. For all of these reasons, the Court denies Plaintiff's motion to proceed anonymously.

**B. Filing Fees and Public Disclosure**

If Plaintiff wishes to proceed with this action without being anonymous, within 30 days, he must prepay the $405.00 in filing fees or, if he is unable to do so, submit an application to proceed IFP.[1] No summons shall issue or answer be required at this time. If Plaintiff does not wish to proceed under his true name, he may voluntarily withdraw this action. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

---

[1] IFP applications are publicly viewable on the internet and thus should not include complete financial account numbers. *See* Fed. R. Civ. P. 5.2.

If Plaintiff submits the fees or an IFP application within 30 days, the Court will direct the Clerk of Court to lift the restriction on remote public access to the unredacted complaint and include Plaintiff's full name and address on the docket. If, within 30 days, Plaintiff fails to pay the filing fees or submit an IFP application, the action will be dismissed without prejudice for Plaintiff's failure to do so, his full name will not appear on the public docket, and remote public access to his unredacted complaint will continue to be restricted.

**CONCLUSION**

Plaintiff's motion to proceed anonymously (ECF 3) is denied.

If Plaintiff wishes to proceed with this action without being anonymous, within 30 days, he must prepay the $405.00 in filing fees or, if he is unable to do so, complete and submit the attached IFP application. If Plaintiff does not wish to proceed under his true name, he may withdraw this action. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). If Plaintiff fails to pay the filing fees or submit an IFP application within 30 days, or request an extension of time to do so, the action will be dismissed without prejudice for Plaintiff's failure to do so and remote public access to the unredacted complaint will remain restricted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 16, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge